**UNITED STATES DISTRICT COURT**
for the
**Southern District of Florida**

> FILED BY___Cos____ D.C.
>
> OCT 03 2024
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S.D. OF FLA. – W.P.B.

ALEXEI STOLFAT

              *Plaintiff,*

Case No. 9:24-CV-80856-DMM

v.

EQUIFAX, INC.,
TRANS UNION, LLC., EXPERIAN
INFORMATION SOLUTIONS, INC.

              *Defendant(s).*

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

*Comes Now,* Plaintiff, Alexei Stolfat, proceeding *Pro Se,* respectfully moves this Court pursuant to Federal Rule of Civil Procedure 23 for an order certifying this action as a class action. In support of this motion, Plaintiff states the following:

### I. INTRODUCTION

1. This case involves Defendants Equifax, Inc., Trans Union LLC, and Experian Information Solutions, Inc. (collectively, "Defendants"), who are alleged to have systematically violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* Defendants failed to maintain accurate consumer credit reports, investigate disputed inaccuracies properly, and remove derogatory and inaccurate information, leading to significant harm for Plaintiff and others similarly situated.

2. Additionally, Plaintiff asserts that Defendants jointly developed and use the e-OSCAR dispute resolution system and the Metro-2 reporting format, which are central to their business

*l*

operations. These automated systems process consumer disputes in a superficial manner, further exacerbating inaccuracies in consumer credit reports. Plaintiff alleges that this conduct violates both consumer protection laws and antitrust regulations, leading to substantial harm to consumers across the country. *See.* **Dkt. 28, Dkt. 70**

3. Plaintiff, re-alleges and incorporates ALL paragraphs and Exhibits pleaded in First Amended Complaint [Dkt.28] as if fully set forth herein.

4. Plaintiff, re-alleges and incorporates ALL paragraphs and Exhibits pleaded in Plaintiff's Motion To Supplement The First Amended Complaint [Dkt.28] And Request For Court-ordered Investigation [Dkt.70] as if fully set forth herein.

5. Plaintiff, re-alleges and incorporates ALL paragraphs and Exhibits pleaded in Notice To The Court Of Plaintiff's Planned Petitions To Change.org, The White House, And Congress Regarding Systemic Issues In The Credit Reporting Industry And Proposed Legislative Reform as if fully set forth herein.

## II. STATEMENT OF FACTS

6. Plaintiff filed this action under the FCRA, asserting that Defendants failed to maintain accurate credit reporting and neglected their duty to investigate disputed items. As a result, Plaintiff was denied credit, loans, and rental housing opportunities due to incorrect, derogatory information in his credit reports. *See.* **Dkt. 28**

7. Defendants use the **e-OSCAR** system, a centralized automated dispute resolution system, to handle consumer disputes. This system, co-owned by the three major credit reporting agencies, fails to conduct the reasonable investigations required under the FCRA. *See.* **Dkt. 70**

8. Plaintiff has discovered evidence indicating that **e-OSCAR** and **Metro-2** are integral to Defendants' operations and are used to control and suppress competition in the credit reporting

2

market. These systems contribute to Defendants' monopoly and prevent alternative credit reporting agencies from emerging. *See.* **Dkt. 70** and Notice To The Court Of Plaintiff's Planned Petitions To Change.org, The White House, And Congress Regarding Systemic Issues In The Credit Reporting Industry And Proposed Legislative Reform.

9. Defendants failed to comply with privacy regulations by not providing a publicly accessible privacy policy for **e-OSCAR**, further violating consumer rights. *See.* **Dkt. 70**

### III. ARGUMENT

10. Plaintiff respectfully submits that class certification is appropriate because the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied.

   a) **Numerosity (Rule 23(a)(1)):** The proposed class is so numerous that joinder of all members is impracticable. Defendants' practices affect millions of consumers who rely on accurate credit reporting for access to credit, housing, and employment. The size of the class makes individual lawsuits impracticable. *See.* **Dkt. 28, Dkt. 70**

   b) **Commonality (Rule 23(a)(2)):** There are common questions of law and fact, including:

   - Whether Defendants failed to follow reasonable procedures to assure maximum possible accuracy in their credit reports;

   - Whether Defendants violated the FCRA by relying on the automated **e-OSCAR** system instead of conducting a reasonable investigation of consumer disputes;

3

- Whether Defendants' actions violated federal antitrust laws by using their monopoly power to suppress competition in the credit reporting industry. *See*. **Dkt. 70**

These issues are common to all class members.

c) **Typicality (Rule 23(a)(3)):** Plaintiff's claims are typical of those of the proposed class. Like other class members, Plaintiff suffered from Defendants' failure to investigate and correct inaccurate credit reports, leading to the denial of credit opportunities. *See*. **Dkt. 28**

d) **Adequacy (Rule 23(a)(4)):** Plaintiff will fairly and adequately represent the class. Despite being *Pro Se*, Plaintiff has a strong understanding of the issues at hand and is committed to vigorously pursuing relief on behalf of all similarly situated individuals. *See*. **Notice To The Court Of Plaintiff's Planned Petitions To Change.org, The White House, And Congress Regarding Systemic Issues In The Credit Reporting Industry And Proposed Legislative Reform.**

e) **Predominance and Superiority (Rule 23(b)(3)):** Class certification is the superior method for resolving this controversy. The common legal and factual issues predominate over any individual concerns, and a class action will provide an efficient means of resolving widespread claims against Defendants. *See*. **Dkt. 28**

## IV. CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

11. Pursuant to Local Rule 7.1(a)(3), Plaintiff certifies that he has conferred with Defendants' counsel(s) regarding the relief sought in this motion. All Defendants Equifax, Inc., Trans Union LLC, and Experian Information Solutions, Inc. oppose the relief requested.

## V. CONCLUSION

12. For the foregoing reasons, Plaintiff respectfully requests that the Court:

   a) Certify this case as a class action under Rule 23(a) and (b)(3) of the Federal Rules

      of Civil Procedure.

   b) Appoint Plaintiff as the class representative.

   c) Grant such other and further relief as the Court deems just and proper.

**Dated: October 03, 2024**                                   **Respectfully Submitted,**

ALEXEI STOLFAT / Pro Se
250 Seminole Ave, Apt 1
Palm Beach, FL33480
Phone: 561-657-7900
Email: stolfat@usa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document was mailed via First Class, U.S. Mail to the parties listed below on date October 03, 2024.

Ritika Singh
rsingh@qslwm.com
Florida Bar No. 1016708
Quilling, Selander, Lownds, Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5442
(214) 871-2111 Fax
*Counsel for Trans Union LLC*

Noah DiPasquale, Esc.
noah.dipasquale@troutman.com
Florida Bar No. 1003238
Troutman Pepper Hamilton Sanders LLP
1001 Haxall Point
Richmond, VA 23219
(804) 697-1266
*Counsel for Experian Information Solutions, Inc.*

Paige Vacante, Bar No. 1019135
pvacante@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
*Counsel for Equifax, Inc.*

**Dated: October 03, 2024**                                          **Respectfully Submitted,**

ALEXEI STOLFAT / Pro Se
250 Seminole Ave, Apt 1
Palm Beach, FL 33480
Phone: 561-657-7900
Email: stolfat@usa.com

6